UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| RAYMOND TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.   1:09-cv-65/1:09-cv-97 |
| | ) | Chief Judge Curtis L. Collier |
| DETECTIVE ANDY BROWNE, | ) | |
| DETECTIVE BAILEY, SHANIKA POWELL, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Raymond Tate ("Tate"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 3). Tate contends that Defendant Shanika Powell ("Ms. Powell"), under the supervision of Defendants Detective Andy Browne ("Detective Browne") and Detective Bailey, wore an electronic surveillance monitoring device during a drug transaction with him which resulted in his arrest and prosecution. Tate contends the defendants lacked judicial authorization to use the electronic surveillance monitoring device, and therefore, the interception of his conversation during the drug transaction was in violation of his Fourth Amendment right to be free from unreasonable searches. In addition, Tate claims he was handcuffed with unnecessary roughness. Tate seeks compensatory and punitive damages against the defendants in various amounts along with declaratory and injunctive relief.

Tate's initial § 1983 complaint was opened as civil action number 1:09-cv-65. Prior to the Court reviewing that case, Tate filed a second complaint that was essentially identical to the first complaint. The second complaint was opened as a new civil case, civil action number 1:09-cv-97 .

Pursuant to Fed. R. Civ. P. 42(a) the district court consolidated these cases, directing that

all future filings in both of these actions, civil action number 1:09-cv-65 and civil action number 1:09-cv-97, are to be filed in civil action number 1:09-cv-65. Presently before the Court is Plaintiff's motion for summary judgment (Court File No. 13). In addition, it has come to the Court's attention that a motion requesting the United States Marshal Service be ordered to serve the complaint and that a person be appointed before whom depositions may be taken, is pending in case number 1:09-cv-97 (Court File No. 6). Because service packets have been sent to the United States Marshals for service, and because as explained below, the Court will dismiss the complaint, pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 (e)(2), the motions will be **DENIED** (Court File No. 13; Civil Case No. 1:09-cv-97 Court File No. 6)**.**

For the reasons explained below Plaintiff's complaint will be **DISMISSED** (Court File No. 3). Because Plaintiff has failed to state a constitutional violation Defendants need not respond to the motion for summary judgment.

**I.     Standard of Review**

*A.     Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)*

This Court has an ongoing responsibility under the Prison Litigation Reform Act, 28 U.S.C. § 1915 (e)(2), to review Plaintiff's action and dismiss the action or any portion of the action which is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007).

*B.     Summary Judgment*

2

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex Corp.*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248, 249; *National Satellite Sports*, 253 F.3d at 907.

**II.     Facts**

Construing Tate's complaint in the light most favorable to him and taking into consideration his lack of legal training, the Court has determined he alleges the following facts.

On June 26, 2008, Ms. Powell called Tate and "suggested that [he] meet her at the Bi-Lo on Hwy. 58 in Hamilton County Chattanooga, TN so that [they] could discuss some business in private to keep [them] from talking on the cell phone about [their] business. [Tate] agreed and met her at the designated location. Upon [his] arrival [he] spotted [Ms. Powell's] car in the Bi-Lo parking lot.

[Tate] pulled in a parking space across from her car about two or three spaces away. [Ms. Powell] got out of her car and walked over and got . . . in [Tate's] car . . . " (Court File No. 3, p. 4). Unbeknownst to Tate Ms. Powell was recording their conversation, which Tate claims was suppose to be private.

While driving his vehicle on October 21, 2008, Tate was pulled over by law enforcement. Tate was ordered to lay on the ground and he "was handcuffed with unnecessary roughness (overaggressively [sic] bending [his]wrists while [he] was not resisting)." Law enforcement seized $1,617.00 from Tate's pocket. On January 13, 2009, Tate was arrested on a federal warrant stemming from the events that occurred on June 26, 2008, and October 21, 2008.

**III.    Analysis**

In his motion for summary judgment, Tate argues he is entitled to judgment as a matter of law on his Fourth Amendment claim. Tate argues that because his conversation took place in a private setting and he had a subjective expectation of privacy that a third party would not be listening to his conversation, he has demonstrated his Fourth Amendment rights were violated, thus there is no genuine issue of material fact. For the reasons explained below, the Court concludes there was no Fourth Amendment violation and **DENIES** Tate's motion for summary judgment (Court File No. 13).

    *A.    Fourth Amendment*

Plaintiff alleges the surreptitious recording of the conversation he had with an acquaintance, Ms. Powell, who was also a confidential informant, violated the Fourth Amendment because law enforcement taped his conversation without a search warrant. This case does *not* involve a recording of a phone conversation, but rather, it involves a recording of Plaintiff's conversation with Ms.

4

Powell, who was Plaintiff's acquaintance and an undercover informant wearing a consensual body wire microphone which picked up their conversation while they were in his vehicle.

Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 et. seq., governs the interception of wire, electronic, and oral communications by the government as well as private parties. To come within the protection of the statute, Plaintiff must prove the intercepted communication falls within the definition of an oral or wire communication as those terms are defined in the statute. Under the statute, an "oral communication" is "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation, but such term does not include any electronic communication[.]" 18 U.S.C. § 2510(2). The statute further provides that "It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(c). Similarly, the statute protects persons "not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication was given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State." 18 U.S.C. § 2511(2)(d).

The conversation at issue in this case is an oral, not a wire communication. Because Ms. Powell, the informant and a party to the conversation, consented to the interception, the law covering the surreptitious taping of oral conversations provides no relief to Plaintiff. Consequently, pursuant to the statute and the case law discussed below, the evidence of the taped conversation was lawfully

5

obtained under federal law.

It is well established that where one party to the conversation consents to the electronic monitoring, the conversation is admissible. *See Rathbun v. United States*, 355 U.S. 107 (1957) (finding no privacy violation, of which the non-consenting party may complain, where a party to the phone conversation consented to another party listening to the phone conversation on an extension); *see also Katz v. United States*, 389 U.S. 347, 351 (1967) ("[T]he Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection."). The Supreme Court has determined the Fourth Amendment does not protect a party to a conversation who places trust or confidence in an undisclosed government agent or informant. *Hoffa v. United States*, 385 U.S. 293, 303 (1966) ("The risk of being overheard by an eavesdropper or betrayed by an informer or deceived as to the identity of one with whom one deals is probably inherent in the conditions of human society. It is the kind of risk we necessarily assume whenever we speak." (internal quotations and citations omitted)). Specifically, the Supreme Court has stated, "Neither this Court nor any member of it has ever expressed the view that the Fourth Amendment protects a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it." *Id*. at 302. Similarly, the Supreme Court has concluded the simultaneous recording of the conversation with a surreptitiously concealed electronic recording device on the person of the undisclosed agent does not violate the Fourth Amendment. *Lopez v. United States*, 373 U.S. 427, 438-39 (1963) (found there was no Fourth Amendment violation when Internal Revenue Agent surreptitiously recorded his conversation with defendant, who was offering to bribe the agent). In addition, it is not unconstitutional to transmit the conversation electronically to a remote place where it is overheard and recorded. *United States v. White*, 401 U.S. 745, 751 (1971) (no Fourth Amendment violation

6

where informant concealed radio transmitter on his person, recording and transmitting conversations with White to law enforcement, without White's knowledge). Thus, if a person agrees to meet another person who is willing to reveal what occurred at the meeting, "the Fourth Amendment permits the government to obtain and use the best available proof of what the latter person could have testified about." *United States v. Lee*, 359 F.3d 194, 200 (3rd Cir. 2004). Consequently, the wiretap statute is not implicated, and these principles require the dismissal of this claim.

To summarize, Plaintiff voluntarily agreed to meet and transact with Ms. Powell, who was also a confidential informant, who had consented to record the conversation and meeting between her and Plaintiff. Plaintiff had no interest legitimately protected by the Fourth Amendment when he met with Ms. Powell, instead he was relying upon his misplaced confidence that Ms. Powell would not reveal his criminal activity. Consequently, no Fourth Amendment violation has occurred and Plaintiff is not entitled to any relief on this claim.

*B.     Excessive Force*

Plaintiff complains that he was handcuffed with unnecessary roughness, *i.e.* "overagressively [sic] bending my wrists while I was not resisting." (Court File No. 1, p. 4, Civil Action Number 1:09-cv-97). This is the extent of Plaintiff's claim of excessive force. Excessive force claims in the context of "an arrest, investigatory stop, or other 'seizure'" are analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989).

In the case before the Court, Plaintiff has simply alleged he was handcuffed with unnecessary roughness when Defendants "overagressively [sic]" bent his wrists when placing him in handcuffs. Plaintiff does not claim the officers struck or beat him or that they handcuffed him too tightly. Likewise, Plaintiff has not alleged he suffered any injury as a result of the alleged rough handcuffing. Officers are entitled to use some degree of force in an arrest supported by probable

7

cause. *Graham v. Connor,* 490 U.S. 386, 396 (1989) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment." (internal quotations and citations omitted)).

There are no allegations of substantial or abusive force or specific factual allegations of any treatment at the hands of the defendants which is inconsistent with a standard handcuffing procedure and arrest. In addition, there is no evidence Plaintiff suffered any injury as the result of the alleged "unnecessary roughness." The Sixth Circuit has explained that in order to reach a jury, a plaintiff must allege some physical injury from the handcuffing. *Neague v. Cynkar*, 258 F.3d 504, 508 (6th Cir. 2001). The *Neague* Court specifically stated that "when there is no allegation of physical injury, the handcuffing of an individual incident to a lawful arrest is insufficient as a matter of law to state a claim of excessive force under the Fourth Amendment." *Id.* at 508.

Accordingly, Plaintiff has simply failed to state a constitutional claim for excessive force and thus, he is not entitled to any relief under 42 U.S.C. § 1983 on this claim.

**IV.     Conclusion**

For the reasons stated herein, Tate has not demonstrated that the Defendants' conduct violated his Fourth Amendment rights, thus he is not entitled to any relief. Accordingly, his motion for summary judgment will be **DENIED** and his complaint will be **DISMISSED** *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2). (Court File Nos. 3 & 13).

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**